# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

------------------------

№ 21-cv-5783 (EK) (RER)

------------------------

GAFFOS, INC.,

Plaintiff,

VERSUS

DESIGNER OPTICS CORP., ET AL.,

Defendants.

------------------------

**SUMMARY ORDER**

December 10, 2021

------------------------

**RAMON E. REYES, JR., U.S.M.J.:**

Before the Court is Defendants' motion to compel Plaintiff to amend its Rule 26(a)(1) disclosures and further respond to Defendants' discovery requests. (ECF No. 34). Plaintiff opposes the motion. (ECF No. 36). Familiarity with the facts, prior proceedings and the parties' respective arguments is assumed.[1] Having thoroughly reviewed the motion, Plaintiff's opposition, and the discovery requests and responses, the motion is granted in part and denied in part.

Defendants' request that Plaintiff serve amended Rule 26(a)(1) disclosures to identify individuals with knowledge of the claims and defenses is granted. (ECF No. 34 at 2, Point II).

------------------------

[1] The Court rejects Plaintiff's untimeliness and failure to meet and confer arguments in opposition to the motion. (ECF No. 36 at 1-2). Plaintiff cites to no case or Federal Rule of Civil Procedure establishing that Defendants' motion to compel is untimely. District courts have discretion to excuse a party's failure to comply with Rule 37(a)(1)'s meet and confer requirement. *Woodward v. Holtzman*, No. 16-cv-1023A(F), 2018 WL 5112406, at *2 (W.D.N.Y. Oct. 18, 2018)

Plaintiff's identification of Plaintiff's and Defendants' unnamed "Corporate Representative[s]" and a single named Defendant, is insufficient. (ECF No. 34-4 at 2). Plaintiff's contention that "the motion is moot because (i) the parties have since exchanged discovery demands and responses and have produced documents and (ii) Defendants have already served deposition notices for Plaintiff's officers and managers," is misplaced. (ECF No. 36 at 1). Regardless of the discovery requests served and the responses thereto, parties have an independent obligation to identify witnesses with knowledge of the claims and defenses, and that obligation remains throughout the litigation. Fed. R. Civ. P. 26(a)(1)(A)(i), 26(e). If Plaintiff knows of specific individuals with knowledge of the claims and defenses, it must identify them immediately. Failure to do so, without good cause shown, will result in such witnesses being precluded from testifying at trial or providing evidence in support of any motion.

Defendants complain that despite agreeing to "conduct a reasonable search and produce non-privileged documents" in response to the various requests (*e.g.,* ECF No. 34-2 at 14 (Response to Request No. 23)), Plaintiff has not done so and has produced very few responsive documents (ECF No. 34 at 2, Point III). Tacitly, Plaintiff admits as much. In its opposition, Plaintiff argues that it has "already produced documents responsive to *most* of the demands." (ECF No. 36 at 2 (emphasis added)). Plaintiff also admits that it conducted a reasonable search for documents responsive to only "*a few* of the document requests." (*e.g.* RFPs 10-11, 20-22). (*Id*. (emphasis added)). Producing responsive documents to most of the demands and conducting searches for a few of the document requests is insufficient.  As explained more fully below, Plaintiff is ordered to conduct a thorough search for responsive documents and produce a supplemental response to Defendants' request for production of documents and interrogatories, along with any responsive documents or

information in their custody or control, and to the extent responsive documents or information to any requests do not exists, it must say so in its supplemental responses.

Defendants' request for Plaintiff to produce "[d]ocuments to sufficiently identify each of Plaintiff's owners, officer, and directors" (RFP No. 1), is denied. (ECF No. 34 at 2, Point III.A). Defendants have not established that the identification of such individuals is relevant to the claims or defenses. Defendants' reliance on an unreported summary order from the Southern District of New York for the proposition that such information is "regularly found to be discoverable" in such actions is misplaced. Nothing in that summary order, which the Court has reviewed, indicates that this information is "regularly" discoverable in trademark actions.

Defendants' request that Plaintiff produce "information supporting its damages theory" (ECF No. 34 at 2, Point III.B.; RFP Nos. 9 and 25, ROG Nos. 3 and 4) is granted. Plaintiff does not dispute that such information is relevant and discoverable. Rather, Plaintiff contends that it has fully responded to the requests by producing a single document (GAF000040) and referring to the allegations in its complaint. (ECF Nos. 36 at 2, 34-3 at 5-6). Plaintiff's contention is untenable. Production of a one-page document and reliance on conclusory allegations in a complaint concerning damages in a trademark infringement action, which Plaintiff contends is worth substantial damages, is insufficient to comply with Plaintiff's obligation to produce information concerning its damages. Plaintiff shall supplement its responses to document requests 9 and 25 and interrogatories 3 and 4, immediately. Any information or documents not identified, without good cause, will be precluded at trial or dispositive motion.

Defendants seek documents regarding customer complaints "concerning services offered or provided by Plaintiff under the GAFFOS Mark." (ECF No. 34 at 3, Point III.C; RFP Nos. 23, 26, ROG No. 5). Such information is clearly relevant and discoverable. Indeed, Plaintiff seeks similar

information from Defendants. Aside from listing a two-page document it produced in response to RFP Nos. 23 and 26, Plaintiff's opposition letter is silent on the adequacy of its responses. (ECF No. 36 at 2). Plaintiff's response is inadequate and should be supplemented. Plaintiff is ordered to review its records and produce any responsive documents and information.

Defendants' requested that Plaintiff produce documents concerning Plaintiff's rights in the GAFFOS mark, advertising related to the mark, agreements with Google and others concerning the mark, and other related matters. (ECF No. 34 at 3, Point III.D; RFPs 8, 10-12, 18-20, 28). Plaintiff did not specifically object to any of these requests, but instead indicated that it would conduct a reasonable search and produce any responsive documents in its custody and control. (e.g., ECF No. 34-2 at 16, Response to Request No. 28). Defendants contend, however, that "no such documents have been produced." (ECF No. 34 at 3). In its opposition, Plaintiff identifies two documents (GAF000022 and 59-78) that it claims are responsive to at least one of these requests. (ECF No. 36 at 2). Plaintiff has not provided those documents for review. Plaintiff also claims in opposition that it has conducted a search for documents responsive to some of these requests (RFPs 10-11 and 20), but has "found no responsive documents." (*Id.*) At this point, the Court cannot say whether Plaintiff has satisfied its discovery obligations with respect to these requests, or whether Defendants have satisfied their obligation in seeking to compel further responses. In any event, and given the fact that Plaintiff will be supplementing its responses, the Court suggests that Plaintiff review their responses, conduct a reasonable search for responsive documents and information, and indicate in the supplemental responses whether additional documents and other information have been or will be produced.

Defendants' request that Plaintiff produce documents and information concerning other trademarks Plaintiff owns, including SOLSTICE, is denied. (ECF No. 34 at 3, Point IV; ROG Nos.

1-2, RFP Nos. 2-7). Such information is irrelevant to the claims and defenses herein. Despite Plaintiff's counsel indication on the civil cover sheet that this action is related to 20-cv-2976 (FB)(JO) (ECF No. 1-1), the cases are not related. Not only has Plaintiff not moved pursuant to Local Civil Rule 50.3.1(d) to have the cases related, the former case was closed before this case was even filed, and therefore they are deemed to be unrelated. (Local Civil Rule 50.3.1(c)). This case concerns GAFFOS and not SOLSTICE or any other mark. Nevertheless, Plaintiff is warned that should it seek to introduce at trial or on dispositive motion evidence of other marks it owns and how Defendants infringed them, it will likely be met with an order of exclusion given its failure to produce such information in discovery.

*   *   *

Plaintiff is directed to submit to Defendants supplemental discovery responses, including any additional responsive documents, as noted herein no later than thirty days from today's date.

Finally, Plaintiff's nondisclosure not being substantially justified, Plaintiff is hereby ordered to pay to Defendants their "reasonable expenses incurred in making the motion." Fed. R. Civ. P. 37(a) (5). Defendant is to identify its reasonable expenses in a letter to Plaintiff's counsel by December 17, 2021. Payment is to be made by December 29, 2021. If the parties cannot agree on the amount of those reasonable expenses, they are to raise the issue with the Court in a joint letter no later than December 29, 2021.

SO ORDERED

Hon. Ramon E. Reyes, Jr.
United States Magistrate Judge